**DISSENT and Opinion Filed August 27, 2020**



In The
### Court of Appeals
### Fifth District of Texas at Dallas

_____

**No. 05-19-01141-CV**
_____

**CITY OF SAGINAW, TEXAS, Appellant**
**V.**
**BRANDON CRUZ, Appellee**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-19227**

## DISSENTING OPINION

Before Justices Schenck, Partida-Kipness, and Nowell
Dissenting Opinion by Justice Schenck

I regret that I am unable to join the majority in its conclusion to affirm the denial of the City's plea to the jurisdiction.

The majority cites *Bland Independent School District v. Blue* for the general proposition that the purpose of a plea to the jurisdiction is to "defeat a cause of action without regard to whether the claims asserted have merit." 34 S.W.3d 547, 554 (Tex. 2000). *Bland* was a taxpayer standing case. As we have noted in the past, standing and other general jurisdiction challenges are quite different from jurisdictional challenges under the Texas Tort Claims Act, which makes the waiver of immunity

to suit "co-extensive with liability." *City of Dallas v. E. Vill. Ass'n*, 480 S.W.3d 37, 46 (Tex. App.—Dallas 2015, pet. denied).

I believe the Texas Supreme Court and this Court have thus adopted a different scope of inquiry in these cases, *see Texas Department of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004), because the Texas Tort Claims Act waives immunity from suit but only "to the extent of liability created by [the Act]." *E. Vill. Ass'n*, 480 S.W.3d at 46 (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 101.025(a)). The Texas Tort Claims Act expressly waives sovereign immunity in three areas: "use of publicly owned automobiles, premises defects, and injuries arising out of conditions or use of property." *Miranda*, 133 S.W.3d at 224. Texas courts have held that where a special defect exists, the State owes the same duty to warn as a private landowner owes to an invitee, one that requires the State to use ordinary care to protect an invitee from a dangerous condition of which the owner is or reasonably should be aware. *See Reyes v. City of Laredo*, 335 S.W.3d 605, 606–07 (Tex. 2010) (per curiam). Accordingly, the immunity waiver under the Texas Tort Claims Act is intertwined with the merits of a claim under that act. *Id.*

In this case, the record contains no evidence of the nature of the defect, actual knowledge of the defect, how long the defect existed, or that a reasonable inspection would have discovered the defect. Thus, the majority opinion appears to conclude the City is strictly liable for the alleged defect that caused appellee's injuries. *Cf. CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 102–03 (Tex. 2000) (holding

constructive knowledge in premises cases can be established by showing condition existed long enough for owner or occupier to have discovered it upon reasonable inspection); *Tex. Dep't of Transp. v. Jackson*, 528 S.W.3d 598, 608 (Tex. App.—El Paso 2017, pet. denied).

Because I disagree with the majority's conclusion, I respectfully dissent.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

191141DF.P05